**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| MARVIN D. DAVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:03-cv-1063-JDT-TAB |
| | ) | |
| JEANNIE TARTLEN, Charge Nurse Supervisor, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion for Summary Judgment**

The defendant's motion for summary judgment was reinstated on September 27, 2004. That motion is fully briefed and for the reasons stated in this Entry, it must be **granted**.

The Eighth Amendment requires the government " 'to provide medical care for those whom it is punishing by incarceration.'" *Snipes v. DeTella,* 95 F.3d 586, 590 (7th Cir. 1996) (quoting *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)). Plaintiff Davey contends that defendant nurse Tartlen was deliberately indifferent to his serious medical needs while Davey was confined at the Plainfield Correctional Facility.

> A claim of deliberate indifference to a serious medical need contains both an objective and a subjective component. To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." A serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention. To satisfy the subjective component, a prisoner must demonstrate that prison officials acted with a "sufficiently culpable state of mind." The officials must know of and disregard an excessive risk to inmate health; indeed they must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "must also draw the inference." This is not to say that a prisoner must establish that officials intended or desired the harm that transpired. Instead, it is enough to show that the defendants knew of a substantial risk of harm to the inmate and disregarded the risk. *Id.* Additionally, a fact-finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005) (some quotations and internal citations omitted).

Applying the above standard, the pleadings and expanded record show that there is no genuine issue of material fact as to whether defendant Tartlen was deliberately indifferent to Davey's serious medical needs.

Although the evidence most favorable to Davey as the non-movant shows that on January 4, 2003, Davey's dialysis treatment was terminated by nurse Tartlen before its scheduled completion, this was the result of a decrease in staff, or, at most, it was the result of nothing more than negligence. Davey suffered no physical detriment as a result of the shortened period of dialysis. Defendant Tartlen was not deliberately indifferent to Davey's serious medical needs, for the evidentiary record negates the presence of the subjective state of mind required to show deliberate indifference, *i.e.,* that the defendant was "subjectively aware of Davey's serious medical needs and disregarded an excessive risk that a lack of treatment posed to his health or safety." *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001). Tartlen is thus entitled to summary judgment as a matter of law. *Ortiz v. John O. Butler Co.,* 94 F.3d 1121, 1124 (7th Cir. 1996) ("If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party."), *cert. denied,* 519 U.S. 1115 (1997).

Tartlen's motion for summary judgment is **granted.** All other pending motions are **denied as moot**. The **clerk** shall **update the docket** to reflect the plaintiff's DOC# as indicated in the distribution list of this Entry. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

John Daniel Tinder, Judge
United States District Court

Date:  01/10/2006

**Note to Clerk:  Processing this document requires action in addition to docketing and distribution.**